I'm pleased to be sitting with Judge Sirica and Judge Fitts. We will give you a note when it's, we understand you're keeping time as well and we'll let you know if things are starting to go beyond the time allotted, beyond the point the court can continue to your argument, but we hope to have a lively and interesting discussion this morning with counsel. So I will turn it over now to counsel for utility workers. Counsel, go ahead. Your honors, my name is Samuel Pasquarelli and I represent the appellant utility workers United Association Local 537. I would like to reserve two minutes if I could for rebuttal purposes. That'd be granted, thank you. Thank you. As I'm sure you can understand, this is somewhat of a unique case. The questions here before the court, I believe, are whether or not the court has subject matter jurisdiction and whether or not if it does, I've stated a claim upon which relief can be granted. The subject matter jurisdiction comes from Section 301 of the Labor Management Relations Act, 29 U.S.C.A. 185a, which basically says, suits for violation of collective bargaining agreements are within the jurisdiction of this court. And we have pled that there is a collective bargaining agreement. The circumstances that give rise to the existence of it are, as I said, I think, somewhat unique. But the allegation is that there's a collective bargaining agreement. And I think from the cases that I've read, including cases decided here in this circuit, Pittsburgh Max Sales is one. An allegation that there's a collective bargaining agreement violation is enough to give subject matter jurisdiction. So how did the district court treat Mack Trucks? It took the attitude that the National Labor Relations Board said that it was not going to pay any attention to the allegation that there was a contract because of the disaffiliation. So it just said Mack Trucks didn't apply. It didn't take any, put any credence in the fact that we alleged a contract violation. Assuming... I'm sorry. Were you asking a question? I was. Go ahead. My question was, assuming we have subject matter jurisdiction and the district court was incorrect in its conclusion, it lacked it. Let's talk about the sufficiency of the pleading for a moment, if we could. Your allegations are factual allegations, that is, is that there was an election and certified a new representative. If we have to accept the factual allegations as true, and then we look at the legal consequence of that factual allegation, that would tell us that with a new certified representative, the collective bargaining agreement alleged is void. And as a result, there would be no claim upon which relief could be granted. Tell me why I'm wrong. Well, I'm going to say that you're wrong for two reasons, Your Honor. First of all, the first factual allegation, which comes before the question of decertification, is that there was a disaffiliation. The employees that were members of what I'll call the old union, Utility Workers Local 537 with the UWUA, voted to disaffiliate and become members of my client, the plaintiff. If nothing more would have happened, the collective bargaining agreement that had been entered into by the old union and the company would be binding on the new union and the company. But the members filed an RC petition. I'm sorry, I didn't hear you, sir. But the members filed an RC petition seeking an election and certification of a new bargaining representative. They did not file an AC petition to amend the certification to reflect such disaffiliation. Well, they weren't, no one was in a position to file an AC because right after the disaffiliation, in fact, the day after the disaffiliation, the national union put the old local in trusteeship and then obtained an injunction forbidding anybody to do anything, any officer to do anything that would thwart the trusteeship. The decertification came from members who wanted to get the same result by in effect circling around the preliminary injunction. So, but by making that choice, the election to kind of get around the trusteeship through an RC petition as opposed to an AC petition, don't you have to then accept the consequences that come from an RC petition, which is basically the declaration that the previous contract is null and void? Well, ordinarily I would say you're correct, but I have two responses to that. First of all, the only court that has ever decided whether the old contract is null and void when the new union wants to continue to be a, be bound by it, it's the second circuit and the second circuit in the cases I cited said that the contract is voidable, not void at the option of the new union. And the logic of that's pretty clear. If you've got the same people running the same union under a different name, why would the employer be permitted to say, well, now we want another go around and see if we can negotiate a new contract. Nothing has changed here. It's not like the teamsters came in and dispossessed the utility workers. Well, but again, that creates an equivalence between an RC petition and an AC petition. And I think what essentially I'm hearing you say, we couldn't file an AC petition because of trusteeship. So we filed an RC petition, but we don't want all the consequences of the RC petition. We'd like it to be treated like it was an AC petition based on the unusual circumstances of this case. Well, I'd have to disagree with your honor because we're not saying we don't want to be bound by what happens when an RC petition is filed. When an RC petition is filed, the only appellate court case that deals with a situation is Second Circuit, which says, fine, an RC petition can be filed, but that doesn't void the contract if the new union wants to accept that contract. And the NLRB made decisions like that back in the 50s in the Prudential Insurance Company case when they said, look, a change in bargaining representatives. And in the Prudential case, there were two different unions contesting with each other. Doesn't mean that the old contract is void if the new union wants to abide by it. The NLRB disagreed with you, though. Well, they do. That's correct. And I would say that, you know, your honor doesn't have to abide by the NLRB's decision if you can find that the NLRB's decision conflicts with decisions of its own. And the Kravitz case that I cited and the old 19, I think it's a 1952 Prudential case, say the same thing that I do, namely, if there's a, what I'll call it, a disaffiliation or an internal union change, even the NLRB and Kravitz says that doesn't give rise to a question regarding representation. And the old Prudential case were two unions fighting with each other, and the new union was a successor to one of the other unions, and the NLRB in that case said, no, the contract rolls over. The NLRB's never decided a case where an old, a new union wanted to keep the old contract in a situation where there was a disaffiliation. It's really a case of first impression. The counsel, they decided in this, under these very facts. They did. Right? So the NLRB has decided this very issue on these very facts, i.e. with your client and with your adversary's client. Well, yes and no, they decided that issue, but there's never been a factual determination. They basically said, we don't want to hear the facts about disaffiliation. You filed an RC petition, the case is closed. And I think that's incorrect. But what Judge Fitz was saying is there's a legal consequence to that, that the NLRB said has to be lived with. Well, the legal consequence was something that we were forced to follow because we couldn't file an AC petition, and I think filing AC petitions are voluntary anyway, but assuming that we had to do that, we couldn't because there was an injunction in place with the That injunction was only lifted after the RC petitions were filed and resolved. So let me just get what your position is with respect to the June 8, 2020 NLRB decision. I mean, that feels like that's a decision that could be appealed. Not really sure what the appeal time is for one of those. My assumption would be that it would be 60 days because that's what 28 U.S.C. 2112 says and 60 days is consistent with the Federal Rules of Appellate Procedure, and that time looks like it probably would have passed. I know that the NLRB manual seems to suggest there's no appeal deadline for NLRB decisions, which is quite open-ended. But if this has, I mean, if you're telling us to ignore this, it strikes me that this case is a weird vehicle for us to pay no attention to this when this could have been appealed if this is a problem. And so, I mean, just tell me how to geoposition this NLRB decision because at one level you say ignore it, at another level I say, well, it looks like it was appealable and it wasn't appealed. So it makes it harder to ignore something that there was an appellate right to that wasn't appealed. Well, it wasn't appealed because it's an interlocutory decision. All they did was grant partial summary judgment. The matter is scheduled for a hearing on December 1st. Now, at that point, let's say I lose the NLRB case, obviously I'll file a petition for review, but I don't think it could have been appealed when it came down because it wasn't dispositive of the entire case. It was a, I'll call it an interlocutory ruling for lack of a better word. I'm not sure. Because it remanded for the unfair labor practice allegations. So it remanded to adjudicate the unfair labor practice allegations. It kept those, that's your point? You broke up a little bit there, your honor. So you're saying that we can't give this final judgment treatment and if it's not a final judgment, then it probably, it seems hard to give it any treatment at one level, maybe not collateral or SOPL treatment or any other treatment if it's not a final judgment. But isn't the appropriate circumstance to kind of maybe wait for that to be a final judgment and subject to appeal rather than us weigh in on that now today only to have us revisit it potentially later if there's a later appeal? I mean, there seems to be some sort of comedy concern here that just flows out of concurrent jurisdiction. Concurrent jurisdiction, as I understand it, means you can decide the case even if another forum could also. I'll grant you that if the court decided to remand this case and wait until the NLRB made a decision, that would not be an out of the box kind of a decision. I think in this case, though, the facts of this case and the fact that the NLRB's decision in this case runs completely contrary to every other decision they made in a case where the facts are like this, I think gives you the right to ignore it. But if the court says, look, wait a minute, we need to see what the NLRB is going to do and you decide to remand this until the NLRB makes its decision, I mean, obviously you could do that. And if the NLRB rules against me, I will file a petition for review and the same issues will be in front of the court. That's correct. I guess the question is, should they be decided now or should they be decided later? But I understand you're right to say, wait a minute, we're going to defer to the board and see where we go. But you're going to have to revisit it anyway. But the board would be a party if we revisit it, right? That's correct. They would. And they aren't a party now? Well, they're a party to their proceeding. They're not a party to what's in front of you right now, but they would be a party to the review. Yes, that's correct. Okay. Judge Zirk, is there anything further for counsel or should- No, I don't. Judge Phipps? No. No, thank you. Okay. Counsel, we'll have you back on rebuttal. Thank you. Thank you. Okay. Counsel. Mr. Brooks. Thank you. If I may also reserve two minutes just for any possible response to the rebuttal from the appellate. An unusual request. Our court doesn't do that. Only the appellant gets an opportunity to rebut. So be fulsome. Okay. And we'll give you plenty of time to do that. Thanks. I would start off by saying that this case seems to be akin to a spouse saying to their The point there being that legal proceedings have significance and consequences. And when you undertake them, you avoid the consequences of them when particularly those consequences are well-established and plainly applied and the agency or the body with particular expertise in them has repeatedly ruled against you. Were the members, were they prevented from filing an AC petition? I do not believe they were prevented from filing any petition. I think that goes to the appellate union's explanation that an injunction barred them from interfering with the trusteeship that the prior union had imposed. If for the sake of argument that was true, I don't know how they could support one petition, an RC petition, but not file an AC petition. If you can file a petition, you could file either one. And they had the option to do so. They certainly didn't take the position that they were prevented from the injunction from seeking to totally displace the prior incumbent union, the so-called national union that represented the employees before them. If their claim about the injunction is that they couldn't interfere with that prior union, how could they file either petition? Yet they supported the RC petition to have an NLRB election, and they must accept the consequences of that. It should also be pointed out that the injunction of which they tried to protect themselves or use as an explanation for doing one thing but not another was a consent injunction. I further don't understand how you can explain away the consequences of your willingly entering into an injunction and then saying that you're barred despite your desires otherwise. And lastly, I know of no principle that would prevent someone from advocating in court whatever appropriate legal remedies are available and arguments are available to them. So while an injunction, even a consent one, might arguably restrict day-to-day activities in terms of trying to undermine or replace the daily labor activities that the incumbent union might engage in, the openness to the courts doesn't prevent a party from arguing whatever positions it thinks in court and here in an administrative agency, the NLRB, are appropriate. And to that issue also, the NLRB has addressed that issue as well. Frankly, against the company, saying that the trusteeship makes no difference. They need to proceed forward because questions of employee representation are matters of significance that need to be resolved and they did resolve them. Are you conceding that MACTrux binds us and would require us to conclude that the district court erred in saying there was no subject matter jurisdiction? Thank you. That's a great question. And the simple answer is no. And let me explain why. MACTrux is readily distinguishable from this case in several respects. First, there had not been repeated NLRB decisions already in that case. And most importantly, MACTrux involved a simple contract law principle of whether there was a meeting of the minds between the parties on an agreement that had been under negotiation to resolve disputes between the parties over a plant close down that the employer had announced. And the simple question was, did they reach a new agreement to deal with that? That question, resolving or determining that question, did not require anything beyond simple meeting of the minds, basic contract law principles. What's different here is that resolving the question of whether the prior union's labor agreements continue in effect despite the NLRB precedent of the last 38 years, that when it is as here in the NLRB election and certification, the RC petition that occurred here, the prior  NLRB, that question of what the impact of a union election representation proceeding by the NLRB means is a matter within the exclusive jurisdiction and the heart of the reason for the existence of the NLRB to determine who represents employees. But in MACTrux, the panel was clear that even if an issue of representation is impacted or requires some attention to determine whether there was a contract or a violation, this court has the jurisdiction to do it under a concurrent jurisdiction theory. Although there might be some different scenarios out of which MACTrux arose as compared to this case factually, the legal takeaway from MACTrux tells us that there is concurrent jurisdiction, even if it implicates this representational issue you're addressing. So how do we not have to follow that precedent? Well, I think that MACTrux gets into a gray area of when you decide whether to leave it to the NLRB or not. And MACTrux was not unmindful of that gray area. And I think it's a balancing test, for example, that they... Can I just push back a little? I mean, we have the good fortune of having the author of MACTrux on this panel. So we have the added bonus of kind of what was thought of 30 plus years ago. But I think one of the virtues of MACTrux is that it didn't leave that much gray area. We see as we take a survey of other circuits, they wrestle with this question of kind of quasi-abstention principles for representation issues with notions of primary jurisdiction and when courts should defer to the NLRB. And MACTrux doesn't really take us down that road nearly as far, if far at all, as other circuits. It seems to suggest, at least as I read it, that look, concurrent jurisdiction is alive and well. And if it is, and there's no kind of abstention reason that's separate and independent as a creature of circuit or Supreme Court law, then we have concurrent jurisdiction and we can exercise that. It strikes me that your best the primary jurisdiction of the NLRB in these other instances, but the beauty, or at least as I read it, and again, I have to temper my statements because its author is on this Zoom with me, but is that it didn't take us down that road of kind of that gray area of saying when something goes to another circuit through kind of a quasi-abstention doctrine. What do you think about that? Because other circuits have that. They say, hey, we'll let it go to the NLRB, but we don't. Well, with the great deference and respect that's due to the author, the point out that state and federal courts should still defer to the primary jurisdiction of the NLRB for matters arguably subject to Section 7 or 8 of the National Labor Relations Act. And a primary reason for this preemption doctrine is the need to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency created by Congress for this. In Mack Trucks, those issues were not front and center about representational matters, whereas in this case, the very heart of deciding whether the prior union's contracts continue in effect is determined by the representational status of the union. And I would, again, come back here that a key distinguishing feature present here is that there was this R.C. petition that the appellate union here supported, advocated in behalf of, and prevailed on, and got an election, and got a certification, which by longstanding labor law operates to unquestionably void the contract. So even if you get to the we have jurisdiction, you're still faced with the issue of labor law plainly says, under these circumstances, there is no contract. And I would further say that in making that decision about filing and supporting the R.C. petition and getting the election and the election fully advocated from the parties that is a final decision that said specifically in the heart of that decision, the so-called directions of election that was contested and resulted in the appellant's position being upheld and an election being held was a determination by the NRB that what the labor law term that's operative here is that there was a, quote, question of union. And that decision determined and prevents and bars the union's claims here that it went through a disaffiliation and is a, therefore, a successor union. Because a question of representation is mutually exclusive and incompatible with a disaffiliation and successor status. And the NRB has already decided that question in those directions of election, saying there is the labor law determination here of being a question of representation, such meaning, essentially, that there's enough difference between the appellant union and the prior union that a affiliation change, a disaffiliation and a successorship is not permissible. Instead, the alternative option or case is that there's enough difference here that it creates a question of representation. And because of that, we have to have an election. Is that a question, and I apologize, but is that really a question for us? No, I'm saying. Or if we say we have jurisdiction, is that the sort of thing that goes to remand to the district court to kind of evaluate what the impact of the NLRB decision is on this case once we have jurisdiction? Because if we find that we have that, or should we go forward and just go all the way and basically adopt the entire NLRB, your advocacy, I guess, to adopt the entire NLRB decision and just say, yeah, it solved the entire representation issue. It's done. I'm strongly in support of the latter because of the principle that's present in all these cases, including Mack Trucks, of avoiding conflict between the NLRB and district courts when that is a strong potential here. I don't think you could have a stronger case for that problem here when the NLRB has repeatedly ruled that this is a different union. There's a question of representation, which is incompatible with the claim now by the petitioner or by the appellant that it is a successor union. That direction of election in the RC case clearly resolved that issue. The appellant could have then filed the AC petition to amend the existing certification rather than to assert itself as a new and different union. It asserted and prevailed on its position that it was a new and different union. That triggers the 38 years of clear NLRB precedent that when that happens, the labor contracts that were in effect with the prior union are null and void. I think in the interest of judicial economy, given the clarity of that principle and precedent for 38 years and the clear problem not created in Mack Trucks, that the already delivered NLRB decisions in multiple occasions against the appellant on this very issue will create a clear conflict. So I don't... May I ask? Please. Yes. Your opponent tells us that the NLRB ruling was interlocutory in nature. What is your response to that? I must say that it is an open question in my mind to be fair to the appellant. It is a partial summary judgment ruling. The issues that remain in that case are whether the appellant union engaged in unreasonable delay in coming to the bargaining table so as to engage in bad faith bargaining. So I've had conflicting responses from the NLRB itself as to whether that decision is interlocutory or final. And so rather than having to go through yet further litigation on this issue, I don't think you need to assume one or the other. Whichever way you go with it, the NLRB law is still clear and plain that whereas here you had an election based on a finding of a question that representation existed, which is a matter within the core and primary and exclusive jurisdiction of the NLRB... Mr. Brooks, if we didn't have the NLRB decision like you didn't have during the briefing when you guys filed your initial briefs to the court and all we had, assuming we had jurisdiction, was turning back to the pleadings to determine whether the pleading stated a claim. We have to accept factual allegations as true and make a decision. Do we need the NLRB's ruling to conclude that as a result of the certification petition, there wasn't a new election, the law gives us an outcome of what that means? And we could ignore the NLRB's decision and make a decision just applying good old-fashioned 12B6 and the existing law, right? In a word, yes, as long as you don't ignore, which I think is the main flaw in the appellant's briefs, the existence and consequence of their going through and obtaining the NLRB election and certification. The fact that they did that, it can't be ignored and it has clear consequences, those consequences being well established by labor law, namely that the contract is null and void. So no, I don't think that you, that I think the outcome would be the same. My position is that the outcome here, that the contracts are null and void and the district court properly dismissed the case is even stronger because we have those additional NLRB actions that create a clear potential for conflict and put the appellee through what I think is an unreasonable added cost and expense of having to litigate this issue. Yes, counsel. Let me ask you one other question before I see if my colleagues have other questions for you because your time has gone a bit longer. Your colleague mentioned a second circuit case. I didn't catch a name being given that claims that the contracts would be voidable, not void. Are you familiar with the case he was talking about? Yes, there's two second circuit cases that he's addressed in his brief. One is a 1970 decision that does contain language that supports his position. However, that decision I submit is an outlier and an old, no longer meaningful decision because it was rendered before the last 38 years of consistent NLRB precedent that created the guiding principle here now that when NLRB election and certification, the prior union contract is void. The time that second circuit decision Abrams listed, it didn't exist. And then they also cite a decision of Mulvaney mechanical that was vacated by the Supreme Court and the language that I think they take out of context wasn't in the remand decision. So I just don't think it's of any meaning. And it's attempt to, it referred back to Abrams as this is the law of the second circuit and said that nobody has given us any precedent saying otherwise. Well, obviously at that point, even though it's after the first NLRB decision, Del Caribe, the court was unaware of it, doesn't discuss it, address it. So I don't think it's persuasive. All right. Let me see if judge Phipps has any other questions. I have one just to spin this out. Let's just say that this NLRB decision of June 8th, let's say that that proceeding runs its course. Let's say there's an appeal and that appeal would come to this circuit, I believe, I think would come to this court. And let's say this court on review finds for whatever reason that this decision is just dead wrong. I mean, again, we'd have that, I guess, you know, some panel could make that decision upon briefing that it's dead wrong. If that were to happen, or just accounting for that possibility, it seems that if we were to act consistent with this decision now, we would be taking the prerogative that's really left for another panel in another day. What do you say to that? Two things. One, the NLRB would be remanded to deal with that issue. So it would not be unaddressed. So whatever remedy was appropriate, then the NLRB can provide it in that event. Secondly, I'd submit that under the clear NLRB precedent here, I think the... But maybe that precedent would be revisited by this court because this court could say, no, that's wrong. And this is the new rule in this space. So, I mean, you could finish your sentence, but my concern isn't the NLRB precedent, but the NLRB precedent subject to appellate review in a federal court. But the remand would address whatever harm the appellate union could claim has befallen it by the prior NLRB decisions and the remedial power would address those. And secondly, I submit that while anything is a possibility, I don't think that it is appropriate at this point to say that the district court decision was clearly wrong, given the strength of the precedent that exists there and go on a distant potential possibility as a basis to incur yet more fees for a matter that's already been relitigated. At some point, there should be resolve and rest for the parties and not have to relitigate the same issue over and over. Okay, Judge Sirica, anything further for counsel? No. All right. Thank you very much. We'll hear counsel for the union on rebuttal. A couple of things if the court please. First of all, I don't know whether it was Mr. Brooks or one of the members of the panel said, why didn't one of the members file an AC petition? I'm not going to tell you that I'm a textbook authority on this, but I don't think a member can file an AC petition. I think that's something that has to be done by the union and the union didn't do it because there was an injunction in place. And Mr. Brooks said, well, the injunction was a consent injunction. That's correct, but it was a consent preliminary injunction. And the reason for the consent, first of all, was that the national union took all of the locals' money. So nobody had any money at that point to fight a long protracted litigation. Secondly, I think the district court would probably have granted a preliminary injunction, allowing the trusteeship to proceed. But the preliminary injunction, even a consent one, doesn't resolve the issues. And the national union withdrew its trustee case before there ever was a final hearing. Did anyone ask the district court for a stay? No, the withdrawal was a voluntary withdrawal by the plaintiff's national union that filed the injunction. I think Mr. Brooks is speaking about this case, counsel. I think he's talking about our case. Oh, no, no. No one did that I know of. I didn't. I don't think Mr. Brooks did either. Mr. Brooks also indicated that we supported the RC petition filed by the members. That's correct. But ask yourself from a rational point of view, if a member files an RC petition and he's a member of your union, would you support it or would you oppose it and say, no, I think the board should let the old group be the continued bargaining representative. That's next to ridiculous as far as I'm concerned. I would also point out that the Supreme Court recently decided the case of Kiser versus Wilkie that says that your court is not required to give deference to an agency's determination if it conflicts with other determinations of that agency. And the determination in this case conflicts with the Kravis case. It conflicts with the Prudential case. And there are no other cases where this situation arose, where the union wants to keep the old contract. Mr. Brooks contended that the Abrams case is reaffirmed in 2003 by the Mulvaney case, and I cited them both in my brief. The Mulvaney case went up to the Supreme Court and was remanded not on this issue, but on the issue where Mulvaney, the Mulvaney court said that the mandatory arbitration provisions in the contract didn't apply, even though the contract itself could have, was assumable by the new union. On remand, the Second Circuit reaffirmed its earlier decision. So Mulvaney is in full force and effect. Now, Mulvaney and Abrams are the only cases in any circuit that deal with the exact question you have before you. They weren't concerned about the NLRB, even though there were certifications involved in there. And I would ask your honors to remand this matter to the district court so that the matter can be heard on the facts. Mr. Brooks cited the Textron case and said, well, there's no contract, so there shouldn't be any relief. Textron basically said that if Mr. Brooks wants to plead no contract, he has to do it as an affirmative defense to my complaint. And again, I think I've probably used up my rebuttal time, but I would ask the court to remand Mulvaney and Abrams and two board cases that recognize that a union can continue to keep the old contract if it wants to. Thank you. Thank you both for your very helpful arguments and your briefing. The court will take the matter under advisement.